# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JACOB REAGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:19-CV-261-HSM-CHS ) |
| STATE OF TENNESSEE, CHATTANOOGA MAYOR, HAMILTON COUNTY SHERIFF, CORE CIVIC, CEO MR. HEINIKER, and JUDGE WEBB, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983 [Doc. 2] and two motions for leave to proceed *in forma pauperis* [Docs. 1 and 4]. For the reasons set forth below, Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 1 and 4] will be **GRANTED**, Plaintiff will be **ASSESSED** the filing fee, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

It appears from his motions for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, these motions [Docs. 1 and 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Silverdale Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent

(20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the Warden of Silverdale Detention Facility and the custodian of inmate accounts at the institution where Plaintiff is now confined, and this order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to furnish a copy of this order to the Court's financial deputy.

## II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

### III. ANALYSIS

In his complaint, Plaintiff alleges that he "was fals[e]ly charged by and through 18-1512 – obstruction, racial hate federal hate malicious prosecution in an official capacity and liberty interest was take[n] repe[a]tedly" [Doc. 2 p. 1]. Plaintiff further states that this represents "a proven history of this Mayor, Andy Burke, and corrupt HCSO Jimmy Hammonds as they team up with Core Civic Silverdale and violate overcrowding laws laid down in the United States Constitution" [*Id.*]. Plaintiff therefore seeks an injunctive relief hearing, a jury trial, and a referral to the United States Attorney's Office for "civil rights, criminal racketeering, human trafficking, [and] money laundering" upon a favorable verdict, ten million dollars, and for Defendants to be found guilty "both personally and professionally" [*Id.*].

First, it appears that Plaintiff alleges that he was falsely charged with unnamed crimes due to malicious prosecution and that Silverdale Detention Center, where he is incarcerated, is overcrowded. These allegations are conclusory and formulaic and do not allow the Court to plausibly infer that the alleged overcrowding has violated Plaintiff's constitutional rights and/or

3

that any named Defendant was personally involved in any malicious prosecution or false charge against Plaintiff, however. As set forth above, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

Further, to the extent that Plaintiff seeks relief under § 1983 based on convictions for which he is incarcerated, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that an action for damages for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid" cannot be maintained unless the prisoner can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In other words, "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" are not considered "appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486.

The *Heck* rule therefore bars claims where a favorable judgment would necessarily imply the invalidity of a prisoner's confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration). As such, any such claim must be asserted under 28 U.S.C. § 2254. *Id.* at 78 (noting that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'" but instead must seek federal habeas corpus relief) (citations omitted).

Thus, to the extent that Plaintiff seeks relief based on convictions for which he is incarcerated, nothing in the complaint allows the Court to plausibly infer that Plaintiff's underlying convictions have been invalidated, and *Heck* bars any such claims.

Also, to the extent that Plaintiff seeks to have Defendants prosecuted for the various crimes that he alleges that they have committed, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, these requests for relief are not cognizable under § 1983.

Accordingly, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983.

### IV.    CONCLUSION

For the reasons set forth above:

1. Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 1 and 5] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** with the filing fee and the custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to the custodian of Plaintiff's inmate trust account at the institution where he now resides, the Warden of Silverdale Detention Center, and the Court's financial deputy;

4. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

5. Accordingly, this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE